U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JAN 29 PM 12: 02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

CLERK
BY _LAW_
DEPUTY CLERK

Mark Davidson

    Plaintiff

    v.

TN Holdings Stowe, LLC d/b/a Topnotch Resort

    Defendants

Civil Action No.: 5:21-cv-20

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Mark Davidson, by and through his attorneys Biggam, Fox & Skinner and hereby complains against Defendant, TN Holdings Stowe, LLC as follows:

### THE PARTIES

1. Plaintiff Mark Davidson (hereinafter referred to as "Plaintiff") is a resident of Worcester, Massachusetts.

2. On information and belief Defendant TN Holdings Stowe, LLC (hereinafter referred to as "Defendant") is a foreign limited liability company with its residency in the State of Delaware a federal judicial district other than the Federal Judicial District of Vermont.

3. Defendant is not registered to do business with the Secretary of State in the State of Vermont.

4. Topnotch Resort (hereinafter referred to as "Topnotch") is the trade-name under which, on information and belief, Defendant did, at all times material to the factual allegations hereafter made, own and operate a resort and spa in the County of Lamoille, Town of Stowe and State of Vermont.

5. Topnotch was not registered as a trade-name with the Secretary of State in the State of Vermont at times material to the factual allegations hereafter made.

## JURISDICTIONAL ALLEGATIONS

6. Jurisdiction is conferred over this cause by 28 U.S.C. 1332(a)(1) as there exists a diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is appropriate pursuant to 28 U. S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. On February 25, 2018 Plaintiff was a guest at Topnotch. At approximately 8:30am Plaintiff left his room and walked toward the parking lot along a walk that lead past the Topnotch spa.

9. As Plaintiff neared the end of the walk he slipped and fell.

10. The walk had a layer of snow which covered ice beneath and which made the walk slippery.

11. There was no warning sign alerting Plaintiff to the icy walk.

12. No one from Topnotch informed Plaintiff of the icy walk.

13. Defendant failed to properly maintain the walk where Plaintiff fell to assure that Plaintiff would not suffer injury while a guest at Defendant's property.

14. Defendant knew, or should have known, that an icy walk posed a danger to Plaintiff.

15. Defendant breached its duty to Plaintiff in that it failed to maintain the premise in safe and suitable condition.

16. Defendant's failure to maintain the walk was negligent.

## DAMAGES

17. As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious bodily injuries. Plaintiff's damages include, without limitation, the following:

    a. Immediate and continuing physical injuries some of which are permanent in nature;

    b. Damage in the ability to enjoy life;

    c. Pain and suffering

d. Loss of income; and

e. Medical costs and expenses.

## COUNT I

### (Negligence in allowing an icy walk where a guest would likely walk)

18. Defendant had a duty of active care to make sure that the premises were in safe and suitable condition for the benefit of its guests.

19. Defendants breached this duty.

20. Defendant maintained the subject premises in a negligent manner by permitting the walk to be icy in an area where guests walked to the parking lot.

21. Defendant knew, or should have known, that an icy walk posed a danger to its guests because of the likelihood that someone would fall.

## COUNT II

### (Negligence in failing to warn)

22. Defendant had a duty of active care to make sure that the premises were in safe and suitable condition for the benefit of guests.

23. Defendants breached this duty.

24. Defendants knew, or should have known, that an icy walk posed a danger to its guests because of the likelihood that someone would fall

4 | Page

Biggam, Fox & Skinner, 535 Stone Cutters Way, Suite 204, Montpelier, VT 05602-4431 Tel. (802) 229-5146

25. Defendant maintained the subject premises in a negligent manner by failing to place a warning sign near icy areas on the walk to alert its guests of a risk of falling.

**WHEREFORE**, Plaintiff prays:

1. For judgment in a sum sufficient to compensate him for the past and future damages he has suffered or will suffer as a result of Defendant's negligent acts, including and not limited to the following:

    a. An award for permanent injury;

    b. An award for past and future pain and suffering;

    c. An award for past and future medical expenses;

    d. An award for loss of ability to enjoy life; and

    e. An award for lost wages and/or lost earning capacity.

2. For costs of suit.

3. For **TRIAL BY JURY**.

4. For such other and further relief as to this Honorable Court seems just and proper.

January 28, 2021
Montpelier, Vermont

                              Respectfully submitted,
                              Biggam, Fox & Skinner
                              Attorneys for Mark Davidson

By: _____
      Ronald A. Fox